## In re REANEY.
### No. 20150.

District Court, W. D. Pennsylvania.
July 19, 1938.

Samuel Goldfarb, of Washington, Pa., for debtor.

Adolph L. Zeman, of Washington, Pa., for mortgagee.

John R. McCreight, of Washington, Pa., for judgment creditors.

SCHOONMAKER, District Judge.

This is a farmer's petition seeking relief under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. The petition was filed March 12, 1938, and on March 24,

1938, on petition of debtor, the court enjoined further proceedings on the foreclosure of mortgage on the farm, owned by Anna Aiken Leach. Thereupon, the said Anna Aiken Leach petitioned the court to dismiss the proceedings of debtor, on the ground they were not brought in good faith, and there was no reasonable prospect of the rehabilitation of debtor. The debtor filed an answer to that petition, and the hearing date was fixed for May 28, 1938. At that time, there was no conciliation commissioner to whom the case might be referred under the provisions of Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, and as no one could be found in Washington County, where the farm was located, to act as such commissioner, Judge Schoonmaker of this court decided to sit as conciliation commissioner in order to facilitate the disposition of the case. The parties in interest were all agreeable to this action on the part of the court, and the first meeting of creditors was fixed for the 4th of June, 1938. At that meeting, the debtor filed an inventory and appraisement of his personal property amounting to $1752, and claimed an exemption of $300, which was allowed, leaving $1452 in the inventory and appraisement of debtor. The creditors were all represented at this meeting, and by agreement of all parties, $1452 was stipulated as a fair and reasonable market value of the debtor's personal property.

Thereupon, at this meeting, the debtor made the following offer of compromise to his creditors:

1. To Anna Aiken Leach, holder of first mortgage on the farm, which amounts approximately to $6400, the sum of $5500.

2. To Allison Brothers, holding a judgment in the principal sum of $1960.85, the sum of $1000.

3. To S. A. Harbison, judgment creditor, with judgment in the principal sum of $300, the sum of $150.

4. To John M. Knox, judgment creditor, holding a judgment in the sum of $500, the sum of $200.

These several amounts to be paid within thirty days after confirmation of offer by the court.

At this time the debtor also agreed to pay the accrued taxes on the farm within one year, which amounted to slightly over $1000.

The creditors refused this offer.

Thereupon, the debtor presented his petition to be adjudged a bankrupt under subsection (s) of Section 75, 11 U.S.C.A. § 203(s); and a preliminary order of adjudication was made on June 10, 1938. The mortgagee, Anna Aiken Leach, then renewed her petition to dismiss the proceedings on the ground of bad faith; and the court fixed June 13, 1938, for the hearing on that petition.

At that hearing date, all the parties were represented. It was stipulated and agreed among them that $1452 was a fair and reasonable market value of the debtor's personal property, and that $6000 was a fair and reasonable market value of the debtor's real estate. This complied with the requirements of subsection (s) of Section 75 of the Bankruptcy Act as to the appraisement of debtor's property.

The testimony offered by Anna Aiken Leach sought to show that the debtor could not in three years pay off the indebtedness in full out of his assets, and that the fair rental value of the farm of the debtor was $500. On the other hand, the testimony of debtor tended to show that he could raise the appraised value of the property, and that his offer of compromise of approximately $8000 was more than the appraised value of his real and personal property, and that he could pay rental of $500 per year for the premises. In support of his ability to finance his offer of composition, he presented the affidavit of a person who had agreed to loan him $8000 to carry out his composition offer.

The whole question for consideration, as we view this case, is whether or not the debtor is proceeding in good faith, and has some reasonable opportunity of rehabilitating himself. There was testimony offered tending to show that the debtor was negligent in his method of operating the farm, that he spent considerable time in taverns rather than in farming. On the other hand, this was distinctly denied by the debtor. As we view it, the offer of debtor to pay his creditors more than the fair market value of all of his property, is an evidence of good faith; and for that reason we ought to accord to him the benefits provided for by the Bankruptcy Act. The fact that the debtor seeks to re-

tain control of his property and yet turn over to his creditors a fair and reasonable value of the property would seem to be evidence of good faith.

We, therefore, shall decline to dismiss the petition as brought in bad faith, and shall accord to the debtor a stay for a three-year period under the provisions of subsection (s) of Section 75 of the Bankruptcy Act. The rental we fix at $500 per year to be paid in quarterly installments of $125; the first installment to be paid in three months from the date of order; and the remaining installments to be paid quarterly thereafter.

An order may be submitted dismissing the petition of Anna Aiken Leach, and extending to the debtor a stay for three years, under the provisions of subsection (s) of Section 75 of the Bankruptcy Act.